ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ANDREA ELAINE VÁZQUEZ VARGAS<br><br>Recurrida<br><br><br>V.<br><br>EVERTEC GROUP LLC, MORGAN SCHUESSLER, MIGUEL VIZCARRONDO Y OTROS<br><br>Peticionarios | TA2026CE00388 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV06948<br><br>Sobre:<br><br>Ley de Represalia en el Empleo (Ley Núm. 115-1991), Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Evertec Group, LLC, Morgan Schuessler, Miguel Vizcarrondo y otros demandados, en el Tribunal de Primera Instancia, Sala de San Juan (en adelante TPI), presentaron el pasado 30 de marzo de 2026, una petición de *certiorari* para que revisemos la *Resolución* que emitió el TPI, el 12 de enero de 2026, en el caso civil SJ2022CV06948 declarando No Ha Lugar la Moción de Sentencia Sumaria presentada por Evertec Group LLC el 14 de noviembre de 2024.

Desde su origen en esta etapa apelativa, hemos atendido varias controversias entre las partes, siendo la principal la confidencialidad de todos los documentos presentados en este caso.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari.*

## I.

El 4 de agosto de 2022, la demandante presentó en el TPI la demanda que aquí nos ocupa. En la misma reclamó despido injustificado en su modalidad de despido constructivo al amparo de la Ley Núm. 80 del 30 de mayo de1976, según enmendada; represalias, al amparo de la Ley Núm. 115 del 20 de diciembre de 1991, según enmendada, y una acción en danos bajo los artículos 1536 y 1540 del Código Civil de 2020 por alegada violación de derechos constitucionales al amparo de las secciones 1, 8 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico.

Tras varios incidentes procesales y luego de llevar a cabo un extenso descubrimiento de prueba, los demandados aquí peticionarios, el 14 de noviembre de 2024 presentaron una Moción de Sentencia Sumaria, solicitando la desestimación de la Demanda. En dicha Moción sostuvieron que las imputaciones que se hacen en la demanda sobre como aconteció el proceso de auditoria interna de ATH móvil, son insuficientes para sustentar las alegaciones de la demanda.

En dicha Moción, los aquí peticionarios proponen que se adopten 169 hechos esenciales y pertinentes, sobre los cuales no existe controversia.

La parte demandante, aquí recurrida, se opuso a dicha moción y acepto algunos de los hechos propuestos por los peticionarios y negó otros.

Finalmente, el 12 de enero de 2026 el TPI emitió Resolución de 31 páginas en la que decreta 145 Hechos Esenciales y Materiales que no están en controversia.[1]

Inconforme con esa Resolución, las partes demandadas en TPI y aquí peticionarias, presentaron el pasado 30 de marzo de 2026, la petición de *certiorari* que aquí atendemos, para que revisemos la Resolución a la que antes hemos hecho referencia.

En el Recurso de Certiorari, la parte peticionaria plantea los siguientes errores:

A. ERRÓ EL TPI AL CONFUNDIR LOS CONCEPTOS "CONTROVERSIAS DE HECHOS" CON EL DE CONTROVERSIAS DE DERECHO Y RESOLVER QUE LAS MAL IDENTIFICADAS CONTROVERSIAS DE HECHOS EN LA RESOLUCIÓN RECURRIDA LE IMPEDÍAN DICTAR SENTENCIA SUMARIA.

B. ERRÓ EL TPI AL ALUDIR EN LA RESOLUCIÓN RECURRIDA A LAS ALEGACIONES QUE PRESENTA LA DEMANDA COMO UNAS QUE JUSTIFICAN LA CELEBRACIÓN DE UN JUICIO PLENARIO CUANDO TALES ALEGACIONES QUEDARON COMPLETAMENTE ATENDIDAS POR LOS 145 HECHOS QUE ESA MISMA RESOLUCIÓN ADOPTÓ COMO INCONTROVERTIDOS.

C. ERRÓ EL TPI AL NO DESESTIMAR SUMARIAMENTE LA CAUSA DE ACCIÓN DE ALEGADA VIOLACIÓN DE DERECHOS CONSTITUCIONALES, TANTO CONTRA EVERTEC, COMO CONTRA LOS CODEMANDADOS INDIVIDUALES.

D. ERRÓ EL TPI AL NO DICTAR LA SENTENCIA SUMARIA DESESTIMATORIA DEL PLEITO SOLICITADA POR EVERTEC.

---

[1] Ver paginas 4 a 21 de la Resolución del TPI del 12 de enero de 2026.

Desde el comienzo de este recurso, la parte peticionaria solicitó la confidencialidad de todo el trámite apelativo. Se citó como precedente la Orden Protectora emitida por el Tribunal de Primera Instancia en este caso, el 19 de enero de 2023.

La parte recurrida, mediante Moción en Cumplimiento de Orden, refiriéndose a nuestra Orden en la Resolución del 26 de abril de 2026, argumentó que la parte peticionaria nunca antes había utilizado el término secreto comercial y que su petición podría impedir un juicio público.

Ante ello, el 28 de abril de 2026, emitimos otra Orden que requería: "Replique la parte Peticionaria, no mas tarde del lunes 4 de mayo de 2026 a la 1:00 pm", de forma que se replicara por la parte peticionaria, lo que indicaba la parte recurrida.

La parte peticionaria compareció y decretamos que procede emitir la misma Orden Protectora que emitió el Tribunal de Primera Instancia y que rige estos procedimientos desde el pasado 19 de enero de 2023. Ante ello, mediante Resolución del pasado 5 de mayo de 2026 se ordenó:

a. Las partes producirán a la otra parte documentación que contiene información confidencial y sensitiva incluyendo información relacionada a asuntos y data financiera, compensación, auditorías y procedimientos internos incluyendo, minuta de reuniones, entre otros, los cuales serán marcados por la parte que lo produce como "confidencial".

b. Las partes se comprometen a que únicamente podrán usar la información y documentación producida por las partes, descritas en el párrafo número (a), para fines de la litigación del presente caso. No podrán distribuir, publicar, ni divulgar de otra manera la documentación y/o su contenido a terceros. Las partes, no obstante, podrán incluirla anejos de una moción y/o deposición, siempre y cuando se haga en sobre sellado y/o mediante la función de acceso protegido y limitado del portal de SUMAC. Las partes podrán, además, hacer referencia a la documentación en mociones, deposiciones o durante el juicio. De marcarse como prueba durante el juicio, permanecerá en sobre sellado, y éste sólo podrá abrirse previa Orden del Tribunal o por un Tribunal Apelativo, como parte del procedimiento de apelación y/o de

revisión. Los documentos confidenciales tampoco podrán ser fotocopiados con excepción de que dicha copia sea para uso de alguno de los abogados de récord del caso, las partes del caso cualquier perito que sea contratado por alguna de las partes. Una vez concluido el proceso litigioso, y cualquier dictamen advenga final y firme, la parte que produjo los documentos podrá requerir la devolución de aquellos documentos marcados con la palabra "confidencial", así como toda copia de estos, y la otra parte deberá devolver los mismos en un término no mayor a treinta (30) días de la referida solicitud.

c.  La mera entrega de la documentación enumerada en el párrafo (a) no es, ni será, no implica ni implicará, tampoco podrá ser interpretada como, una renuncia a cualquier objeción y/o confidencialidad invocada por las partes. Tampoco se entenderá como una admisión de su pertinencia, autenticidad o admisibilidad de los documentos confidenciales en el caso.

d.  La falta inadvertida de designar algún documento como "confidencial" no representa, de por sí, una renuncia al derecho de las partes de asegurar la protección de dicho material. Al descubrir una falla involuntaria en la designación, tan pronto como sea razonablemente posible, la parte que produce el documento puede notificar a la otra parte por escrito que el material se designará como "confidencial". Al recibir dicho aviso, y sujeto al derecho de impugnar la propiedad de dicha(s) designación(es), la parte que recibe el mismo debe hacer esfuerzos razonables para garantizar que el material en adelante se trate de acuerdo con los términos de esta orden de confidencialidad, así como tomar las medidas cautelares y/o de mitigación razonables con respecto al trato que se le hubiera dado al documento antes de haberse designado como "confidencial" de forma que la información pueda ser protegida.

e.  La documentación detallada en el párrafo (a) será utilizada únicamente en el trámite de la Demanda del epígrafe. De ser necesaria la utilización de cualquiera de sus folios conforme aquí se indica, el mismo no habrá de perder su clasificación confidencial por dicha utilización, y las partes deberán tomar todas aquellas providencias necesarias y razonables para proteger la confidencialidad de los documentos durante dicho uso.

f.  La representación legal de las partes deberá instruir a sus empleados, cualquier perito contratado y las propias partes sobre sus obligaciones bajo esta orden.

## II.

### A. Certiorari

El recurso de *Certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352, 372 (2020). A su vez, se ha indicado que "el *certiorari* es un mecanismo extraordinario que procede, discrecionalmente, cuando no hay otro mecanismo disponible." Pueblo v. Guadalupe Rivera, 206 DPR 616, 632 (2021). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo, *supra*; Pueblo v. Díaz de León, 176 DPR 913, 917-918 (2009).

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. Pueblo v. Rivera Santiago, *supra*, pág. 581.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, In re

Enmdas. Regl. TA, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> a. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> b. Si la situación de hechos planteada es la más indicada para   el análisis del problema.
>
> c. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> d. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> e. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> f. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> g. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Moción de Sentencia Sumaria

Es norma reiterada que nuestro ordenamiento procesal civil reconoce el uso y valor del mecanismo de la sentencia sumaria como vehículo para asegurar la solución justa, rápida y económica de aquellos litigios de naturaleza civil en los que no existe una controversia genuina en torno a los hechos materiales que componen la causa de acción que se contempla. Universal

Company y otros v. ELA, 211 DPR 455, 472 (2023); Roldán Flores v. M. Cuebas, Inc., 199 DPR 664, 672 (2018); Rodríguez Méndez v. Laser Eye, 195 DPR 769, 785 (2016); Meléndez González et al. v. M. Cuebas, 193 DPR 100, 109 (2015); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013); Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).

Tal herramienta posibilita la pronta resolución de una controversia cuando no se requiera la celebración de un juicio en su fondo. Ahora bien, para que proceda este mecanismo es necesario que, de los documentos no controvertidos, surja de que no hay una controversia real y sustancial sobre los hechos materiales del caso. Universal Company y otros v. ELA, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 214.

La Regla 36.1 de Procedimiento Civil, establece que "una parte que solicite un remedio podrá, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." 32 LPRA Ap. V, R. 36.1. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Universal Company y otros v. ELA, *supra*; Meléndez González et al. v M. Cuebas, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 213.

Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja

de que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaría a favor de la parte promovente. Pérez Vargas v. Office Depot, 203 DPR 687, 698 (2019); Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.

La parte promovida, por su parte, deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. Rodríguez Méndez v. Laser Eye, 195 DPR 769, 787 (2016). No podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo hiciera la parte solicitante. BPPR v. Zorrilla Posada y Otro, 2024 TSPR 62, 214 DPR __ 10(2024); Bobé et al. v. UBS Financial Services, 198 DPR 6, 21 (2017); 32 LPRA Ap. V, R. 36.3(e).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Meléndez González et al. v. M. Cuebas, supra, pág. 109.

Si el cúmulo de la evidencia demuestra que en efecto no hay controversia sustancial respecto a algún hecho esencial y pertinente, el tribunal deberá dictar sentencia sumaria, si procede

como cuestión de derecho.  Esto es, si el derecho así lo justifica. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; Universal Company y otros v. ELA, *supra;* Oriental Bank v. Perapi et al., 192 DPR 7, 25 (2014).

Al revisar una determinación de primera instancia, sobre una solicitud de sentencia sumaria, como foro intermedio podemos: (1) considerar los documentos que se presentaron ante el foro primario, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. Segarra Rivera v. Int'l Shipping, et al., 208 DPR 964 (2022); Meléndez González et al. v. M. Cuebas, *supra*, pág. 114. Así pues, el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. Esta revisión es una *de novo*. BPPR v. Zorrilla Posada y Otro, *supra*; Cruz López v. Casa Bella, 2024 TSPR 47, 213 DPR __ (2024); Segarra Rivera v. Int'l Shipping, et al., *supra*; Meléndez González et al. v. M. Cuebas, *supra*, pág. 116.

### III.

En este recurso, se reclama, en síntesis, que se debió haber dictado la Sentencia Sumaria que reclamaban los aquí peticionarios, pero estos no tienen razón.

En la Resolución contra la que se recurre ante este foro, el TPI determinó que existía controversia real y sustancial sobre si las actuaciones las actuaciones de los demandados y aquí peticionarios, constituyeron condiciones onerosas que forzaron la renuncia de Vázquez Vargas. También determinó que existe controversia sobre si las actividades del patrono vulneraron el derecho de la demandante, aquí recurrida, a su integridad personal al obligarla a escoger entre cumplir con sus deberes

éticos profesionales o conservar su empleo, o si, por el contrario durante el proceso de auditoría constituyó parte normal y legítima de dicho proceso.

También dijo que se mantenía una controversia si las actividades del patrono respondieron a una motivación por represalia o si estuvieron debidamente justificados conforme a las políticas internas de la empresa.

Esas controversias se mantienen luego de evaluar todos los documentos y no debemos intervenir con la evaluación del TPI.

En el caso de autos no se satisfacen los parámetros enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir con la determinación del foro primario. Concluimos que, en esta etapa procesal, la intervención del Tribunal resulta improcedente. La etapa procesal en la que se encuentra el caso en este momento no es la apropiada para ejercer nuestra función revisora.

## IV.

Por los fundamentos aquí expuestos, se deniega el auto de certiorari aquí reclamado y se devuelve este caso al TPI para que continúen los procedimientos, como corresponde.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  La Juez Grana Martínez concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones